UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| WILLIAM TEMPLE and MARIE TEMPLE, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA, N.A. and SELECT PORTFOLIO SERVICING, INC., <br><br> Defendants. | Case No. 15-cv-01330 NC <br><br> **ORDER GRANTING MOTIONS TO DISMISS** <br><br> Re: Dkt. Nos. 6, 9 |
|---|---|

The Temples sued Bank of America and Select Portfolio Servicing alleging that defendants improperly reviewed their loan modification applications. Defendants each move to dismiss the complaint for a failure to state a claim. As the complaint fails to allege sufficient facts to state a claim, the Court GRANTS defendants' motions to dismiss WITH LEAVE TO AMEND on: (1) negligence; (2) promissory estoppel; (3) fraud; (4) unfair competition under California Business and Professions Code § 17200; and (5) intentional infliction of emotional distress.

I.  **BACKGROUND**

Plaintiffs William and Marie Temple built the home located at 120 San Benancio Road in Salinas, California, fifty years ago. Dkt. No. 1 at ¶¶ 7, 13. On December 6, 2006, the Temples executed a loan in the amount of $560,000. *Id.* at ¶ 10. The servicing rights

Case No. 15-cv-01330 NC

to the loan were then transferred to Bank of America. *Id.* Around December 2010 to January 2011, the Temples applied for a loan modification from Bank of America. *Id.* at ¶ 10.  However, the Temples allege that each time they submitted a completed application, Bank of America told them that "additional documents [were] required, that documents were not received, and/or that the review process need[ed] to be restarted for a number of reasons." *Id.* at ¶ 12.  The Temples further allege that Bank of America through their representative, Richard Benkleman, "routinely reassured [them] not to worry" about the status of their pending application as the review process was "nearing an end." *Id.* at ¶ 14.

On February 15, 2013, Bank of America "released the servicing rights" of the loan to Select Portfolio Servicing ("SPS"). *Id.* at ¶ 10.  As with their applications to Bank of America, the Temples contend that the same outcome occurred with SPS—that SPS requested application resubmissions every time the Temples turned in a completed loan modification application. *Id.* at ¶ 15.

From their initial attempts to secure a loan modification in December 2010 to the present date, the Temples allege they submitted no fewer than twenty loan modification application packets to defendants. *Id.* at ¶ 13.  The complaint alleges that Bank of America and SPS never intended to offer a loan modification but engaged in a scheme to increase their profits by forcing the Temples to pay higher fees. *Id.* at ¶ 15.

The Temples subsequently sued Bank of America and SPS in Monterey County Superior Court.  Dkt. No. 1.  Plaintiffs seek declaratory and injunctive relief, as well as damages incurred from defendants' alleged failure to properly review plaintiffs' loan modification applications. *Id.* at ¶¶ 2, 21, 28.  SPS timely removed the case to this Court on the basis of diversity jurisdiction.  Dkt. No. 1.  Once in federal court, Bank of America and SPS each moved to dismiss Temples' complaint.  Dkt. Nos. 6, 9.

Defendants have met their burden to show removal is proper.  Plaintiffs William and Marie Temple are California citizens.  Dkt. No. 1 at ¶ 9.  Bank of America is a citizen of North Carolina and SPS is a citizen of Utah. *Id.*  The amount in controversy exceeds $75,000. *Id.*  Finally, this Court has jurisdiction under 28 U.S.C. § 636(c), as all parties

Case No. 15-cv-01330 NC           2

have consented to proceeding before a magistrate judge. Dkt. Nos. 10, 11.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## III. DISCUSSION

The Temples allege five causes of action: (1) negligence; (2) promissory estoppel; (3) fraud; (4) unfair competition under California Business and Professions Code § 17200; and (5) intentional infliction of emotional distress. Bank of America argues all plaintiffs' claims lack sufficient factual allegations. Dkt. No. 6. SPS opposes all claims for failure to state a claim. Dkt. No. 9. The Court considers defendants' arguments together.

///

### A.   Specificity of Claims and Parties

Initially, the Court finds that the Temples have not met their burden under Rule 8 to allege claims with specificity. Rule 8 of the Federal Rules of Civil Procedure requires pleadings stating a claim for relief to include "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the complaint is to give the defendant fair notice of the claims against him and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). To meet this standard, the Temples must allege facts sufficient to put *each* defendant on notice. While "Rule 8 does not require detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

Here, the complaint fails to differentiate between defendants and it is unclear which facts pertain to which party. For instance, the Temples allege that both defendants made misrepresentations to the Temples about their loan modification application. Dkt. No. 1 at ¶ 41. In their complaint, the Temples elaborated that these false promises consisted of a "promise that [the] Temple[s] would be properly reviewed for permanent modification, in accordance with HAMP guidelines, and that the subject property would not be sold while Temple remained in active review." *Id.* However, it is unclear from this statement which defendant, Bank of America or SPS, made which promise; or if they both made the same exact misrepresentation at different times. This "failure to indicate which defendant was allegedly responsible for which wrongful act and to provide well-pleaded factual allegations in support of each cause of action renders the Complaint deficient under Rule 8." *Corazon v. Aurora Loan Servs., LLC,* No. 11-cv-00542 SC dkt. no. 16, 2011 WL 1740099, at *5 (N.D. Cal. May 5, 2011).

On this basis alone, the Court GRANTS defendants' motions to dismiss on all counts, with leave to amend.

//

### B. Negligence

Under California law, negligence requires (1) a legal duty to use reasonable care; (2) breach of that duty; (3) proximate cause between the breach; and (4) the plaintiff's injury. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). "The threshold element of a cause of action for negligence is the existence of a duty to use due care." *Paz v. State of Cal.*, 22 Cal. 4th 550, 559 (2000) (internal citation omitted). In California, the test for determining whether a financial institution exceeded its role as money lender and owes a duty of care requires balancing various factors: (1) the extent to which the transaction was intended to affect the plaintiff; (2) the foreseeability of harm to him; (3) the degree of certainty that the plaintiff suffered injury; (4) the closeness of the connection between the defendant's conduct and the injury suffered; (5) the moral blame attached to the defendant's conduct; and (6) the policy of preventing future harm. *Nymark v. Heart Fed. Savings & Loan Ass'n*, 231 Cal. App. 3d 1089, 1098 (1991).

California courts are squarely divided on "when lenders owe a duty of care to borrowers in the context of the submission of and negotiations related to loan modification applications and foreclosure proceedings." *Rihwani v. Wells Fargo Home Mortg., Inc.*, No. 13-cv-05881 LB dkt. no. 17, 2014 WL 890016, at *15 (N.D. Cal. Mar. 3, 2014) (collecting cases). Some courts find that a financial institution has a duty of reasonable care after it offers to review a loan modification. *Id*. ("While a lender may not have a duty to modify the loan of any borrower who applies for a loan modification, a lender surely has a duty to submit a borrower's loan modification application once the lender has told the borrower that it will submit it"). In those cases, whether the institution exceeded the scope of its conventional role as a money lender depends on its involvement in the loan modification process. *Id.* at ¶ 14. In *Ansanelli v. JPMorgan Chase Bank, N.A.*, the bank placed the plaintiffs on a trial modification plan. No. 10-cv-03892 WHA dkt. no. 97, 2011 LEXIS 32350, at *2 (N.D. Cal. Mar. 28, 2011). The bank guaranteed plaintiffs a loan modification if they made timely payments at a modified amount for three months. *Id.* The Court found that when a bank "offer[s] an opportunity to plaintiffs for loan modification

Case No. 15-cv-01330 NC         5

and engage[s] with them concerning a trial period plan" the bank has then exceeded "the domain of a usual money lender." *Id.* at ¶ 21. The undersigned has similarly found a duty when a lender allegedly places a borrower on a trial payment program during the loan modification process. *Curley v. Wells Fargo & Co.*, No. 13-cv-03805 NC dkt. no. 89, 2014 WL 2187037, at *3 (N.D. Cal. May 23, 2014); *Pulley v. Wells Fargo Bank, N.A.*, No. 13-cv-05904 NC dkt. no. 46, 2015 WL 1393417, at *7 (N.D. Cal. Mar. 26, 2015).

Relying on *Nymark*, other courts hold that "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." 231 Cal. App. 3d at 1095-96 (citation omitted). The courts reasoned that where a lender offers a loan modification, "that is nothing more than a renegotiation of loan terms." *Morgan v. U.S. Bank Nat'l Ass'n*, No. 12-cv-03827 CRB dkt. no. 20, 2013 WL 684932, at *3 (N.D. Cal. Feb. 25, 2013). "Renegotiation is one of the key functions of a money lender," and loan modification is therefore "a traditional money lending activity." *Id.* (*see also Hosseini v. Wells Fargo Bank, N.A.*, No. 13-cv-02066 DMR dkt. no. 27, 2013 WL 4279632, at *7 (N.D. Cal. Aug. 9, 2013) (collecting cases)).

This Court finds the latter line of cases most applicable here because the Temples have not alleged facts that show defendants exceeded their conventional duties as money lenders. Plaintiffs contend that defendants owed them a fiduciary duty "to act reasonably in performing its duties as loan servicer in handling" their loan modification applications. Dkt. No. 1 at ¶ 19. By merely offering to review the Temples' loan modification applications, Bank of America and SPS have not exceeded their conventional duties. Taking plaintiffs' factual allegations as true, defendants do not seem to have involved themselves beyond what the normal course of business is for money lenders. Unlike *Ansanelli*, defendants have neither engaged plaintiffs in a trial program nor guaranteed a loan modification predicated on completion of the program. From the facts proffered, plaintiffs have not established that Bank of America and SPS exceeded their typical roles as money lenders. Therefore, plaintiffs have not established that defendants owed them a

1  duty of care.

2  As such, the Court GRANTS defendants' motions to dismiss on the negligence
3  claim, with leave to amend.

### C. Promissory Estoppel

A claim for promissory estoppel under California law requires: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) reliance that is reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance. *Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010). A promise must be "definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Garcia v. World Sav., FSB*, 183 Cal. App. 4th 1031, 1045 (2010) (internal citations and quotation marks omitted).

The Temples allege that Bank of America made a promise to them in a July 2011 correspondence, where Bank of America stated: "Thank you for sending your financial documents to support a loan modification eligibility review. We are reviewing them to determine if your loan is eligible for the program." Dkt. No. 1 at ¶ 24. In addition, the complaint alleges that SPS made a promise when it stated: "[P]lease know that while we are awaiting additional information, your account will not be referred to foreclosure, nor will it be sold at a foreclosure sale if the foreclosure process has already been initiated." *Id.* These promises meet the standard for an enforceable promise under California's promissory estoppel doctrine.

However, the Temples have not provided sufficient facts to establish detrimental reliance or causation linking defendants' misconduct to the harm suffered. Reliance requires a "change of position in any way, either by act or forbearance in reliance on his promise, if injustice can be avoided only by its enforcement." *Zierolf v. Wachovia Mortg.*, No. 12-cv-3461 EMC dkt. no. 17, 2012 LEXIS 175527, at *25 (N.D. Cal. Dec. 11, 2012). According to plaintiffs, SPS promised to properly review their loan modification applications in adherence to HAMP standards, and to not pursue foreclosure procedures on

Case No. 15-cv-01330 NC            7

their home during the loan modification review process. Dkt. No. 1 at ¶ 25. As a consequence of these promises, the Temples claim they relied on defendants' conduct by choosing "to forgo other options and alternatives to foreclosure that were available to them including selling the property . . . and restructuring their debt through bankruptcy." *Id.* However, these statements are conclusory and do not show that such reliance was reasonable and foreseeable. *See Mulato v. Wells Fargo Bank, N.A.*, No. 14-cv-00884 NC dkt. no. 106, 2014 LEXIS 176404, at *46 (N.D. Cal. Dec. 19, 2014).

As such, plaintiffs have not pled sufficient facts to state a claim and the Court GRANTS defendants' motions to dismiss the promissory estoppel claim, with leave to amend.

**D.     Fraud**

To plead fraud or mistake under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must identify "what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 1994) (citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted). Put differently, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex. Rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation and internal quotation marks omitted, brackets in original).

Plaintiffs' claim of fraud does not satisfy the heightened pleading requirements of Rule 9(b). The Temples' allegations fail to identify the "who, what, when, where, and how" of the false or misleading statements they allege that SPS and Bank of America made. For instance, the Temples allege that Bank of America and SPS made false promises through "written communications." Dkt. No. 1 at ¶ 30. The Temples further claim Bank of America and SPS promised to appropriately review their application "in

accordance with HAMP guidelines," and to "not proceed with a foreclosure sale until the review was completed." *Id.* However, these allegations are merely conclusory and do not meet the level of particularity required under Rule 9(b). The Temples do not identify which specific defendant or representative of the defendant made or sent the written communications, on what date the communications were sent, and the specific language of the written promise. In addition, the Temples allege that they were "wrongfully denied a permanent loan modification" due to defendants' "intentional and reckless behavior." Dkt. No. 1 at ¶ 35. Likewise, plaintiffs have not included facts that demonstrate the defendants engaged in any type of intentional reckless behavior or that the denial of their modification was wrongfully executed.

Accordingly, because plaintiffs' complaint fails to satisfy the Rule 9(b) pleading standard, the Court GRANTS defendants' motions to dismiss the fraud claim, with leave to amend.

### E.  California Business and Professions Code § 17200

Section 17200 of California's Business and Professions Code prohibits "unfair competition," which is defined as any (1) unlawful; (2) unfair; or (3) fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200.

#### 1.  Unlawful

A claim based on the "unlawful" prong of § 17200 incorporates other laws and treats violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000). Thus, the pleading must allege the way in which the practices violated the "borrowed" law by "stat[ing] with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 618-19 (1993).

As to the "unlawful" prong, the Temples allege that Bank of America and SPS "fraudulently and willfully deceived" plaintiffs by "making a false promise that defendants did not intend to perform." Dkt. No. 1 at ¶ 39. The complaint states that the defendants

Case No. 15-cv-01330 NC                9

engaged in "unlawful business practices" by "failing to properly review" plaintiffs' applications "in accordance with HAMP guidelines" and "pursuing the sale of the subject property at a foreclosure auction during a time in which Temple remained in an active review for a loan application." *Id.* These conclusory assertions suffer from the same Rule 9(b) deficiencies present in the Temples' earlier fraud-based claims. Plaintiffs must state with particularity the facts surrounding the circumstances such as the identity of the party making the misrepresentation, the time and place of the misrepresentation, specifically how the defendants improperly reviewed their application, and when and how they were notified of defendants' pursuit of foreclosure proceedings.

### 2. Unfair

Section 17200 creates a cause of action for a business practice that is "unfair," even if not specifically proscribed by some other law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). To state a claim based on an "unfair" practice under § 17200, the plaintiff must allege facts that the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719 (2001) (internal quotation marks and citation omitted).

Under the "unfairness" prong, the Temples allege that SPS' pursuit of foreclosure proceedings while their application remained under review was "immoral, unethical, oppressive, unscrupulous and substantially injurious" to the Temples. Dkt. No. 1 at ¶ 40. Plaintiffs' statement that they entered foreclosure proceedings is not supported by sufficient facts for the Court to conclude that a violation occurred. Plaintiffs must plead further facts to demonstrate that defendants' initiation of foreclosure occurred during the time of a pending application, and that such action was improper and contrary to lawful business activity.

### 3. Fraud

As to the third prong of § 17200, a business practice is "fraudulent" if "members of the public are likely to be deceived." *Comm. On Children's Television v. General Foods*

Case No. 15-cv-01330 NC 10

1   *Corp.*, 35 Cal. 3d 197, 211 (1983).  Allegations of fraud under § 17200 must satisfy the

2   heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *Kearns v. Ford*

3   *Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  As discussed above, the Temples make

4   conclusory allegations of fraud that fail to satisfy the heightened pleading standard under

5   Rule 9(b).

6       Therefore, the Court GRANTS defendants' motions to dismiss the unfair

7   competition claim under California Business and Professions Code § 17200, with leave to

8   amend.

9       **F.    Intentional Infliction of Emotional Distress**

10      To establish a claim for intentional infliction of emotional distress under California

11  law, a plaintiff must show (1) that the defendants' conduct was outrageous; (2) that the

12  defendant intended to cause or recklessly disregarded the probability of causing emotional

13  distress; and (3) that the plaintiff's severe emotional suffering was (4) actually and

14  proximately caused by defendant's conduct.  *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th

15  Cir. 2004).  To be outrageous, conduct "must be so extreme as to exceed all bounds of that

16  usually tolerated in a civilized community."  *KOVR-TV, Inc. v. Superior Court*, 31 Cal.

17  App. 4th 1023, 1028 (1995) (internal citations omitted).  The defendant's conduct must be

18  directed to the plaintiff, but malicious or evil purpose is not essential to liability.  *Potter v.*

19  *Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 1001 (1993).  Whether conduct is outrageous

20  is usually a question of fact.  *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal.

21  App. 4th 1004, 1045 (2009).

22      Plaintiffs have not alleged conduct on the part of defendants that could be construed

23  as extreme or outrageous.  Here, the Temples allege that Bank of America and SPS made

24  false promises which they "never intended to honor" but did so to "increase their own

25  profits by stringing [plaintiffs] along for years with the false hope that they would actually

26  be properly reviewed for a permanent loan modification." Dkt. No. 1 at ¶ 48.  The

27  Temples further claim that Bank of America and SPS acted in a reckless manner "which

28  constitute[d] extreme and outrageous conduct with the intent to cause, or with reckless

Case No. 15-cv-01330 NC          11

United States District Court
Northern District of California

disregard of the probability of causing [plaintiffs] emotional distress." *Id.* These are conclusory statements and plaintiffs must allege facts that lead them to such a conclusion. Plaintiffs have not proffered any facts rising to the high level of outrageousness required under the first element of the claim. *See, e.g.*, *Ottolini v. Bank of America, N.A.*, No. 11-cv-0477 EMC dkt. no. 41, 2011 WL 3652501, at *11 (N.D. Cal. Aug. 19, 2011) (finding conduct to be outrageous when a "defendant abuses a relation or position which gives him power to damage the plaintiff's interest").

As such, defendants' motions to dismiss the intentional infliction of emotional distress claim are GRANTED, with leave to amend.

**IV. CONCLUSION**

The Court GRANTS defendants' motions to dismiss WITH LEAVE TO AMEND on all claims: (1) negligence; (2) promissory estoppel; (3) fraud; (4) unfair competition under California Business and Professions Code § 17200; and (5) intentional infliction of emotional distress. Plaintiffs may amend to cure the deficiencies found in this order. Plaintiffs must file an amended complaint or a notice of their intention not to amend the complaint within 14 days of this order.

**IT IS SO ORDERED.**

Dated: June 12, 2015   _____

NATHANAEL M. COUSINS

United States Magistrate Judge