UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM TEMPLE, MARIE TEMPLE,<br>Plaintiffs,<br>v.<br>BANK OF AMERICA NATIONAL ASSOCIATION, et al.,<br>Defendants. | Case No.15-cv-01330-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 43 |

The Temples sued Bank of America and Select Portfolio Servicing for improperly reviewing their loan modification applications, bringing a variety of state law causes of action. The Court previously dismissed the complaint and provided guidance as to which facts were lacking. The Court finds that few facts were added to the first amended complaint, and the facts that were added are insufficient to state a claim. Thus, the Court GRANTS defendants' motion to dismiss without leave to amend.

## I.  BACKGROUND

The facts, procedural history, and main findings of law are set forth in the Court's prior order at docket number 26, and will not be repeated in detail. In summary, the Temples executed a $560,000 loan in December 2006, which was serviced by Bank of America and later Select Portfolio Servicing. Beginning in December 2010, the Temples attempted to apply for loan modifications with the defendants, but each application has been rejected as incomplete. The Temples now sue on theories of (1) negligence; (2)

Case No. 15-cv-01330-NC

1 promissory estoppel; (3) fraud; (4) unfair competition under California Business and
2 Professions Code § 17200; and (5) intentional infliction of emotional distress.

3 The Court granted defendants' first motions to dismiss on all claims and permitted the Temples to amend the complaint. Defendants now move to dismiss the first amended complaint. Prior to hearing the motion, the Court issued a tentative ruling, putting the Temples on notice that the Court intended to dismiss the complaint without leave to amend and advising the Temples to proffer additional facts. Dkt. No. 59. The Court held a hearing on October 7, 2015.

## II.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   DISCUSSION

Preliminarily, the Court's prior order dismissed the complaint because the complaint was unclear as to which defendants did what. The Temples have remedied that issue, and allege that SPS became the loan servicer on February 15, 2013, so actions taken

Case No.15-cv-01330-NC          2

by a defendant after that date are attributed to SPS.

### A. Negligence

Under California law, negligence requires (1) a legal duty to use reasonable care; (2) breach of that duty; (3) proximate cause between the breach; and (4) the plaintiff's injury. *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001). The Court previously determined that no duty exists unless a money lender exceeds its traditional role. Dkt. No. 26 at 6 (citing *Morgan v. U.S. Bank Nat'l Ass'n*, No. 12-cv-03827 CRB Dkt. No. 20, 2013 WL 684932, at *3 (N.D. Cal. Feb. 25, 2013)). The Court concluded that "by merely offering to review the Temples' loan modification applications, Bank of America and SPS have not exceeded their conventional duties." Dkt. No. 26 at 6. No new facts are presented in the first amended complaint to suggest that defendants did anything more than offer to review the Temple's loan modification. Therefore, this claim is DISMISSED.

### B. Promissory estoppel

A claim for promissory estoppel under California law requires: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) reliance that is reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance. *Boon Rawd Trading Int'l Co. v. Paleewong Trading Co.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).

The Court previously found that Bank of America made a promise to review the Temples' loan modification application, but the Temples had not alleged any detrimental reliance. Dkt. No. 26 at 7. In the prior complaint, the Temples alleged that they decided not to sell their house or pursue other options, but provided no specificity about these assertions. The Court directed the Temples to provide further detail about what exact opportunities the Temples could have taken, but chose not to in detrimental reliance on the banks' promises. *Id.*

In the second amended complaint, the Temples have further stated that they considered selling their house. First Amended Complaint ("FAC"), Dkt. No. 32 ¶ 23. At the hearing, the Temples also proffered that they sought out a real estate agent and listed

Case No.15-cv-01330-NC            3

their home for sale.

The Court finds that the facts proffered are not sufficient to plead detrimental reliance. The Temples must show with more specificity that they actually had other options, intentionally decided not to follow through in reliance on Bank of America's promises, and that such reliance was reasonable and foreseeable. *Zierolf v. Wachovia Mortg.*, No. 12-cv-3461 EMC dkt. no. 17, 2012 LEXIS 175527, at *25 (N.D. Cal. Dec. 11, 2012); *Mulato v. Wells Fargo Bank, N.A.*, No. 14-cv-00884 NC Dkt. No. 106, 2014 LEXIS 176404, at *46 (N.D. Cal. Dec. 19, 2014). Therefore, this claim is DISMISSED.

### C. Fraud

To plead fraud or mistake under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Under California law, the "indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (citations omitted).

In this complaint, the Temples define the who, what, where, when, but still make conclusory allegations about intent to deceive and why the statements made were false. For example, the Temples allege that "defendants conduct in contriving excuses with which to avoid having to offer Temple a permanent modification was intentional and/or reckless." FAC ¶ 30(viii). As to the intent element, the Temples allege, "The intent of BOA and SPS's conduct is evidence by their not only simply requesting the same documents repeatedly, but moreover, they continued to do so even after Plaintiffs resent them the documents along with proof that they had been sent numerous times before." FAC ¶ 30(ix).

Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible when it "allows the court

Case No.15-cv-01330-NC                          4

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court finds that on the facts alleged, the Temples have not alleged a plausible claim for fraud. The sole fact that defendants asked the Temples to resubmit their applications is not enough to plausibly allege that defendants made false representations, knew the representations were false, and intended to deceive the Temples. Additionally, the Temples must demonstrate reasonable reliance on the false statements and damages, neither of which are pled in the complaint. *See Casault v. Fed. Nat. Mortgage Ass'n*, 915 F. Supp. 2d 1113, 1122 (C.D. Cal. 2012) (finding that plaintiff's reliance on loan modifications offers was not reasonable, and thus plaintiff did not adequately state a claim for fraud under California law). Thus, this claim is DISMISSED.

### D. Unfair competition under California Business and Professions Code § 17200

Section 17200 of California's Business and Professions Code prohibits "unfair competition," which is defined as any (1) unlawful; (2) unfair; or (3) fraudulent business act or practice. Cal. Bus. & Prof. Code § 17200. As noted in the Court's prior order, the first and third elements fail if the Temples' fraud claim fails. The unfair element requires the Temples to allege facts that the practice "offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 719 (2001). The Court's prior order found that the Temples' allegations were conclusory, and no factual matter was alleged to demonstrate that defendants engaged in a practice that offends an established public policy. Dkt. No. 26 at 10. The Court finds no additional facts are alleged in the first amended complaint, and therefore, this claim is DISMISSED.

### E. Intentional infliction of emotional distress

A claim for intentional infliction of emotional distress requires a plaintiff to show (1) that the defendants' conduct was outrageous; (2) that the defendant intended to cause or recklessly disregarded the probability of causing emotional distress; and (3) that the plaintiff's severe emotional suffering was (4) actually and proximately caused by

defendant's conduct. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). The Court's prior order found that the Temples did not allege any facts amounting to outrageous conduct. Dkt. No. 26 at 11. Similarly, no additional facts have been presented to the Court that would constitute outrageous conduct. This claim is similarly DISMISSED.

## IV. CONCLUSION

Although leave to amend the complaint is generally preferred, "futile amendments should not be permitted." *Klamath-Lake Pharmaceutical Ass'n v. Klamath Med. Serv. Bur.*, 701 F.2d 1276, 1292 (9th Cir. 1983) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

The Court dismissed the Temples' prior complaint, and in that order, provided a detailed explanation of the appropriate law and why the facts alleged in the complaint were not sufficient. After reviewing the first amended complaint and hearing the Temples' oral arguments, the Court concludes that the Temples have no further facts in their possession that would cure the deficiencies outlined in this order. This case is about the Temples' frustration that defendants made them resubmit applications for a loan modification several times, although, it is unclear whether those applications were ever complete. Taken as true, the facts of this case do not plausibly give rise to the conclusion that defendants are in violation of the common or statutory law alleged. Therefore, the motion to dismiss is GRANTED without leave to amend.

**IT IS SO ORDERED.**

Dated: October 23, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge